IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIM J. GODIN

        Plaintiff

vs.                                    CASE NO. 05-30049-KPN

SPRINGFIELD TERMINAL RAILWAY
COMPANY &
BOSTON & MAINE CORPORATION,

        Defendants

**PROPOSED JOINT SCHEDULING PLAN**
**PURSUANT TO RULE 16(B) AND 26(F)**

1.     Statement of the Case

This case involves a carpal tunnel syndrome claim brought pursuant to an Act of Congress known as the Federal Employer's Liability Act (FELA), 45 U.S.C., Sec. 51 et seq.

As a result of his job duties, Plaintiff was exposed to the occupational risk factors for repetitive stress injury to his hands. It is Plaintiff's claim that as a result of the Defendant's negligence, Plaintiff suffered occupational carpal tunnel syndrome.

Defendant failed to provide Plaintiff with a safe work environment under the FELA, specifically, failing to provide an adequate and timely ergonomics program, adequate equipment and/or manpower to perform his duties.

The Defendant denies Plaintiff's claims and further denies that its' alleged negligence was the proximate cause of Plaintiff's injuries.

2.     Joint Discovery Plan

The attorneys for the parties have reached an agreement for a proposed Pretrial schedule as follows:

- (a) All additional parties shall be joined by May 31, 2005.
- (b) Amendment of pleadings shall be completed by May 31, 2005.
- (c) Parties will exchange initial disclosures by July 8, 2005.
- (d) All fact discovery should be completed by December 2, 2005.
- (e) All experts who may be witnesses for the Plaintiff shall be designated no later than October 14, 2005.
- (f) All experts who may be witnesses for the Defendant shall be designated no later than November 14, 2005.
- (g) All expert discovery shall be completed by January 13, 2006.
- (h) All motions for Summary Judgment to be filed by February 15, 2006.

Thomas J. Joyce, III, Hannon & Joyce, counsel for Plaintiff, Tim Godin, and James Walsh, counsel for Defendants, have conferred concerning the above discovery schedule and expenses.

Counsel for the parties have discussed informally exchanging discovery to reduce the cost of litigation to our clients and agreed to conform to the obligation to limit discovery set forth in F.R.C.P. 26(b). Discovery is expected to include all relevant information including but not limited to Plaintiff's work and medical history as well as Defendant's safety, medical and ergonomic history regarding carpal tunnel syndrome.

The parties and their respective counsel have conferred regarding settlement.

Dated: April 26, 2005

                                                                                              Respectfully Submitted,

ATTORNEY FOR PLAINTIFF                     ATTORNEY FOR DEFENDANT

/s/ Thomas Joyce                              /s/ James Walsh
Thomas J. Joyce, III, Esquire                James Walsh, Esquire
HANNON & JOYCE                           Herlihy, Thursby & Herlihy
Public Ledger Building, Suite 1000      133 Federal St
150 S. Independence Mall West         Boston, MA 02110
Philadelphia, PA   19106                 617-426-6100
215-446-4460

/s/ Michael J. McDevitt
Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Aveue, Suite 345
Boston, MA   02210
617-439-4990
Local Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIM J. GODIN

        Plaintiff

vs.                                                                      CASE NO. 05-30049-KPN

SPRINGFIELD TERMINAL RAILWAY
COMPANY &
BOSTON & MAINE CORPORATION,

        Defendants

### REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this Court's Order, Thomas J. Joyce, III, representing Plaintiff, and James Walsh, representing the Defendants, met on April 22, 2005 pursuant to Rule 26(f) to discuss:

(1)    the nature and basis of their claims and defenses;

(2)    the possibility for a prompt settlement or resolution of this case;

(3)    to make or arrange for the disclosures required under Rule 26(a)(1); and

(4)    to develop a discovery plan.

To that end, the parties propose the following:

A.    The issues in this case may be simplified by taking the following steps:

    1.    The parties will exchange written Interrogatories and Request for production of Documents;

    2.    Defendant will take Plaintiff's discovery deposition;

        3.    Plaintiff will be made available for defense medical examination;

        4.    Plaintiff will take the discovery deposition of Defendant's Safety Director, Medical Director and Ergonomist; and

        5.    The parties will conduct an ergonomic site inspection.

    B.    The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

        1.    None

    C.    Discovery will be needed on the following subjects:

        1.    Plaintiff's work history;

        2.    Plaintiff's medical history;

        3.    Plaintiff's exposure to ergonomic risk factors for carpal tunnel syndrome;

        4.    Defendant's ergonomic program to prevent occupational carpal tunnel syndrome; and

        5.    Causation

    D.    Discovery should be conducted in phases.

    E.    Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge.    YES__X_____NO

    F.    The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

    G.    The parties have discussed the possibility of alternative dispute resolution and concluded:  Alternative dispute resolution is not needed in this case.

H.  The parties have discussed a prompt settlement or other resolution of this matter. The Plaintiff has made a written demand of $150,000.00, and the Defendant has offered $0.

I.  The Court should consider the following methods of expediting the resolution of this matter.

Dated: April 26, 2005

ATTORNEY FOR PLAINTIFF

/s/ Thomas J. Joyce
_____
Thomas J. Joyce, III, Esquire
Hannon & Joyce
Public Ledger Building, Suite 1000
150 S. Independence Mall West
Philadelphia, PA   19106
215-446-4460

/s/ Michael J. McDevitt
Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Aveue, Suite 345
Boston, MA   02210
617-439-4990
Local Counsel for Plaintiff

ATTORNEY FOR DEFENDANT

/s/ James Walsh
James Walsh, Esquire
Herlihy, Thursby & Herhily
133 Federal St
Boston, MA   02110
617-426-6100